Owen, C. J.
The solution of the question at bar rests upon the construction of section 6710, Revised Statutes, as amended May 4,1885 (82 Ohio L. 230), which provides, among other things, that: “ • • • the supreme court shall notin any civil cause or proceeding, except when its jurisdiction is original, be required to determine as to the weight of the evidence; and on application of any party excepting to a ruling or decision of the circuit court, during the trial, or on motion for a new trial, such court shall find from the evidence, and state on the record, the facts upou which the alleged error arises or which may be material in determining whether error has intervened or not.”
It is maintained by the defendant in error that this court has no power to entertain this proceeding in error upon the finding of facts set forth in the record, in the absence of a bill of exceptions containing all the evidence upou which the circuit court disposed of the motion to dismiss. On the other hand, the plaintiff in error maintains that a bill of exceptions would have been an idle form, as the weight of evidence cannot be reviewed by this court upon such bill; and that the only means of bringing such question before this court for review is by a finding of facts under section 6710, Revised Statutes. Conceding that a bill of exceptions would not require this court to review a judgment or order below upon the weight of the evidence, the fact remains that if such judgment or order be against the facts established by the uncontradicted evidence presented by the bill of exceptions, there would be power to review and reverse such judgment as a question of law.
The question before us must turn upon the construction of so much of section 6710 as provides that “ on application *528 of any party excepting to a ruling or decision of the circuit court during the trial . . . such court shall find from, the evidence, and state on the record, the facts upon which the alleged error arises,” etc.
Was the hearing of the motion to dismiss in the court below such proceeding as may be termed a “trial ? ” We are in full accord with counsel for plaintiff in error when they say in argument: “ The word trial in this section is of course used in the sense of the general definition given to it by the Revised Statutes, section 5127, which declares that ‘ a trial is a judicial examination of the issues, whether of law or fact, in an action or proceeding.’ ”
What are “issues,” as that word is here employed? The court is unanimously of the opinion that this question is satisfactorily and conclusively answered by the four succeeding sections, in the light of which it seems reasonable to construe this word “ issues.” They are here given in full.
“ Sec. 5128. Issues arise on the pleadings where a fact, or conclusion of law, is maintained by one party and controverted by the other. They are of two kinds. 1. Of law. 2. Of fact.
“Sec. 5129. An issue of fact arises : 1. Upon a material allegation in the petition denied by the answer. 2. Upon a set-off, counterclaim, or new matter, presented in the answer and denied by the reply. 3. Upon material new matter in the l’eply, which shall be considered as controverted by the opposite party without further pleading.
“ Sec. 5130. Issues of law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided.
“ Sec. 5131. All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.”
It seems clear that the issues here referred to are those *529 which arise upon the pleadings and do not relate to controversies involved in summary proceedings like the one now under consideration, although the pendency of the action in which it is involved depends upon the disposition of it by the court.
This view seems to be strenghtened by the construction given by this court to section 7356, Revised Statutes, in Wagner v. State, 42 Ohio St. 537. This section relates to the review of criminal proceedings, and concludes with the provision : “But in the supreme court only errors of law occurring at the trial, or appearing in the pleadings or judgment, can be reviewed.”
In that case it was held that: “‘Trial,’ in the sense of this limitation, has reference to a trial upon a plea in bar, and does not extend to a hearing on a motion to quash, or trial upon a plea in abatement; it commences, at least, when the jury is sworn, and embraces questions as to the admissibility of evidence, refusals to charge, and the charge given, and the like; and it ends with the rendition of the verdict.”
The construction already indicated is supported by the provision of section 6710, that “ on application of any party excepting to'a ruling or decision of the circuit court during the trial,” the court shall state its findings of fact, etc. This seems to contemplate an exception to some ruling of the court during the course of the hearing, rather than an exception to the final judgment or order of the court by which the controversy is determined.
A legislative provision should quite clearly indicate that such was the purpose of its enactment, to authorize the construction that upon each summary proceeding arising upon motion, and not involving the merits of the action, the court is required to make and state a finding of the facts upon which the disposition of such motion is made to rest.
There was no authority in the circuit court, derived from ■section 6710, to make a finding of facts upon which, in the *530 absence of a bill of exceptions, the action of that court can be reviewed in this.
The finding of facts is improperly in the record. Lockhart v. Brown, 31 Ohio St. 431. As the only exception taken in the circuit court by the plaintiff in error was to the action of the court in dismissing the proceeding in error, and as that action is not reviewable, upon the record before us, the motion of the defendant in error is well taken, is allowed, and the
Petition in error dismissed,.